SCHOTT, Judge,
dissenting in part.
I concur with the majority in affirming the judgment with respect to liability but dissent as to quantum.
In her petition, plaintiff alleged that she sustained injuries to her arm, leg, neck and shoulders. She gave the following testimony: After she fell down her arms started to hurt, her legs were skinned and the inner part of her arm was skinned. She hurt her left breast and her two knees. She saw Dr. Redler on the day after the accident and returned to him on March 3, about two weeks later. She saw Dr. Paddison, a neurologist, in December because of the “tingling” in her arm and returned to him on April 4. She also saw a Dr. Hackett.
However, she produced no physicians as witnesses and the only corroboration she offered was the testimony of her sister and mother who stated that she used heat treatments on her arm.
At the conclusion of the trial, the judge stated:
“The Court is not impressed by Plaintiff’s description of her difficulties beyond what the Court believes to be a reasonable recovery from two abrasions. Considering the limited nature of the medical evidence, the Court is convinced that an award of $2700.00 is reasonable.”
This award constituted an abuse of the trial court’s discretion. In affirming the judgment the majority states:
“. . . virtually undisputed is the fact that plaintiff suffered bruises to her left breast and left arm as well as abrasions of the legs requiring medical examination and treatment on two occasions by Dr. Irving Redler and further examination by Dr. Richard Paddison approximately nine months subsequent to the accident.”
The trial judge specifically rejected plaintiff’s alleged need to consult Dr. Paddison. When his bill was offered in evidence by plaintiff and defendant objected the court made the following observation:
“I think the objection to that one is an appropriate one; in view of the fact that the treatment by that doctor took place ten months after the accident had occurred. And only a doctor in this Court’s view could indicate to us whether there was a connection between what the lady said she consulted the doctor about and this accident.”
Thus, the bill from Dr. Paddison was not received and is a part of the record by proffer only.
Since we do not substitute our opinion for the trial judge’s on questions of credibility and pure facts, there is no basis to find that this plaintiff had anything except two bruises or abrasions as the trial judge found. Her medical expenses totaled $120, but this included Dr. Redler’s initial bill for $25 for a consultation and a bill for $80 for X-rays.
I recognize that each case must stand on its own merits and appellate courts are not to emphasize uniformity at the expense of independent evaluations, but at the same time an award of $2700 is more often found for an injury where there is genuine medical treatment provided over a two or three month period and some expenses are incurred for repeated treatments through this period of time. If these two abrasions which required no medical treatment whatsoever justify a $2700 award then such other injuries should bring ten times as much. Somewhere along the line the cost of goods and services, including groceries, will reflect such exorbitant awards with corresponding hardship on the general public.
In my opinion, this judgment should be reduced to the highest range of the trial judge’s discretion which is in the neighborhood of $500.